IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
LAURENCE ELLIOT,               :
                               :         CIVIL ACTION
v.                             :
                               :
US INSPECT GROUP, INC,         :         NO. 19-3319
JB HALLER,                     :
TIM SHELTON                    :
```

MEMORANDUM

Bartle, J.                                          June 3, 2020

       Plaintiff Laurence Elliot brought this action against defendants US Inspect Group, Inc. ("US Inspect"), JB Haller, and Tim Shelton, in which he asserts claims for relief for: (1) breach of contract, (2) unjust enrichment, (3) quantum meruit, (4) promissory estoppel, (5) violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), and (6) defamation.  By the time of trial, plaintiff was only pursuing his WPCL and the defamation claims.  Following a two-and-half-day jury trial, plaintiff was awarded $1 against defendants Haller and Shelton jointly and severally for his defamation claim and $10,000 against US Inspect for his WPCL claim.  Before the court is the motion of plaintiff for attorneys' fees and costs under Rule 54 of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 54 sets forth certain procedures for awarding attorneys' fees and costs. Section (d)(1) specifies that "[u]nless a federal statute, these rules, or a court order

I

The following facts were established at trial. Plaintiff worked for US Inspect as an area manager covering the Philadelphia, Wilmington, and New Jersey markets.  US Inspect is a national home inspection company, focusing on residential inspections for such things like termites and radon gas. Plaintiff testified at trial that while he was employed at US Inspect, his compensation included a base salary, revenue based commissions, and incentive bonuses.  Plaintiff was terminated in March 2019 for reasons not relevant to this matter.  Plaintiff asserted that after he was fired, defendants JB Haller and Tim Shelton, both corporate officers of US Inspect, sent two separate defamatory emails about him that damaged his reputation.  The statement made by Haller that plaintiff claimed to be defamatory was:

> I encourage you to consider the credibility of this same toxic person who is . . . making promises he can't keep and potentially putting inspectors and their families at risk.

The alleged defamatory statement made by Shelton was:

> . . . Keep in mind what he is doing currently by asking for private information is not only morally and ethically wrong it

---

provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Section (d)(2) states that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."

2

        is illegal.  These types of decision-making
        are exactly the reason why he was terminated
        from U.S. Inspect.

    Plaintiff further maintained that defendant US Inspect violated the WPCL by failing to compensate him fully for his work.  Specifically, plaintiff stated that defendant US Inspect refused to pay him an "area growth bonus" for parts of 2018 and 2019.  Plaintiff sought damages in excess of $75,000 for the defamation claim and an amount in excess of $50,000 for his WPCL claim.  During trial, plaintiff testified in person and called an additional four witnesses, including defendants Shelton and Haller.

II

    Under the so-called American Rule, a court must begin with the notion that absent statutory authorization, each party, regardless of success, generally bears the costs of its own attorney's fees.  <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240, 247 (1975).  The WPCL, however, provides that a court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant."  <u>See</u> 43 Pa. Stat. § 260.9a(f).  Pennsylvania courts have determined that an award of attorneys' fees to a prevailing plaintiff in a WPCL case is mandatory.  <u>Oberneder v. Link Computer Corp.</u>, 674 A.2d 720 (Pa. Super. 1996), <u>aff'd</u> 696 A.2d 148 (Pa. 1997).

In contrast, there is no statute authorizing attorney's fees and costs to a party who prevails on a common law defamation claim.

Plaintiff may be considered a "prevailing party" for attorneys' fees purposes if he succeeds on any significant issue in litigation that achieves some of the benefit the parties sought in bringing suit. Hensley v. Eckerhart, 461 U.S. 424, 433 (1982) (internal quotations omitted). Where there is more than one cause of action and plaintiff has varying degree of success on each theory, "[w]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result obtained." Id. at 434-435.

Where a plaintiff has achieved only partial or limited success, a district court may adjust the fee downward. Id. at 434-36. It may do so "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id. at 436. Although a court may consider the amount of damages awarded compared to the amount of damages requested as one indication of a plaintiff's degree of success, it "may not diminish counsel fees to maintain some ratio between the fees and the damages awarded." Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 318 (3d Cir. 2006) (internal quotations and citations omitted). Our Court of Appeals has rejected a strict proportionality test for the calculation of attorneys' fees. See Davis v. Southeastern Pennsylvania Transportation Authority,

4

924 F.2d 51, 54 (3d Cir. 1991).  Nevertheless, a district court has "broad discretion in reducing" attorney's fees.  Spencer, supra at 319.  For example, courts may reduce attorneys' fees for the work of more than one attorney, where a lesser number would have been adequate.  See Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 943 (3d Cir. 1995).

The prevailing party has the burden of establishing reasonable hours and a reasonable hourly rate for each of the attorneys.  See Maldonado v. Houstoun, 256 F.3d 181, 187 (3d Cir. 2001).  To evaluate the reasonableness of counsel's requested fees, a court uses the lodestar method.  It must multiply the reasonable number of hours expended on the litigation by a reasonable hourly rate.  United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007).  Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1982).  In calculating the lodestar, "the district court may not award less in fees than requested unless the opposing party makes specific objections to the fee request."  United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 211 (3d Cir. 2000).  The fee schedule established by Community Legal Services, Inc. ("CLS") has been cited with approval by our Court of Appeals as a fair reflection of the prevailing market rates in Philadelphia.

Maldonado, supra at 187 (internal citations and quotations omitted).

III

Plaintiff is seeking $64,768.75 for 157.45 hours of work by four separate attorneys.

Having succeeded on his WPCL claim, plaintiff is considered the "prevailing party" and, pursuant to the WPCL, entitled to all hours "reasonably expended on the litigation." West Virginia University Hospitals, Inc. v. Casey, 898 F.2d 357, 360 (3d Cir. 1990).  Both parties agree on this point.  The parties disagree, however, as to what is reasonable and the amount to be awarded.

Plaintiff argues that attorneys' fees should not be "contingent on the degree of success" and is therefore entitled to entirety of the amount requested.  Defendants maintain that the amount requested by plaintiff should be reduced to a "fair and reasonable value of counsel's time" because:  (1) two attorneys were not "necessary to try this simple case," (2) plaintiff achieved "limited success on [his] claim[s]," and (3) plaintiff's counsel's "hourly rate is not reasonable."

Plaintiff's counsel's records reveal that four separate lawyers were involved in this matter.  They were:  Alan Frank (38 years of experience); Samantha Millrood (20 years of experience); Evan Frank (8 years of experience); and Jordan

6

Frank (5 years of experience).  Evan Frank was the lead attorney and tried the case for plaintiff.

First, we find that Samantha Millrood's work on this matter was unnecessary and duplicative.  She sat as second chair throughout the trial.  The record establishes that she started working on this matter only five days before trial began yet billed the second highest number of hours on this case, totaling 34.7 hours.  Of these hours, 10.5 hours were spent on "conversation" with other attorneys, preparing trial exhibits, and drafting a motion in limine.  The remaining 24.2 hours were charged to "travel and attend trial."

The trial for this case was not complicated or difficult enough to require the attendance of two attorneys.  The trial took less than three days to complete, involving examination of a total of five witnesses, three of whom were the plaintiff and the two individual defendants.  Moreover, the last day of trial was only spent on delivering closing summations and the court's charge to the jury.  Indeed, Samantha Millrood did not actively participate in any part of the trial and did not examine a single witness.  The hours expended by counsel must be reasonable and the party seeking attorneys' fees has the burden to establish reasonableness.  Samantha Millrood's time – both

before and during the trial – was not reasonable.[2]  Accordingly, this court will reduce plaintiff's attorneys' fees by the entirety of Samantha Millrood's time, that is 34.7 hours.

Second, plaintiff's counsel's records show that eight hours were spent on the defamation claim.  There were 3.7 hours attributed to Evan Frank and 4.3 hours to Jordan Frank.  Under the American Rule, plaintiff is not entitled to any award for this claim.  Therefore, we will reduce plaintiff's attorneys' fees by eight additional hours.

Looking at the remainder of the record, Evan Frank devoted 10.4 hours preparing the 16-page complaint that was filed in this matter.  More than eight of the 16 pages of the complaint discussed the defamation claim and the corresponding emails.  Thus, we will award only half of the time expended on preparing the complaint, that is 5.2 hours.  Next, the record shows that Evan Frank spent 6.6 hours drafting the pre-trial memo.  Again, approximately half of the pre-trial memo discusses the defamation claim and the related emails.  We will award only half of the time expended on the pre-trial memo, that is 3.3 hours.  The record also reveals that Evan Frank allocated 19.1 hours preparing for trial and 21.2 hours attending trial.  Approximately half of the time during trial was devoted to

---

[2]  The work of Alan Frank and Jordan Frank appears reasonable under the circumstances.

discussing the defamation claim. Indeed, the only two witnesses who were not a named plaintiff or a defendant testified specifically about the alleged defamatory emails. Accordingly, we will award only half of the time expended by Evan Frank on trial preparation and attendance at trial, that is 20.15 hours.

Plaintiff's counsel's records also note that counsel expended 6.1 hours on discovery. There were 5.7 hours attributed to Jordan Frank to "draft discovery" and 0.4 hours to Evan Frank to "prepare interrogatories." However, counsel for both parties have informed the court that they took no discovery in this matter. Accordingly, we will not award the 6.1 hours expended on discovery.

Third, defendants maintain that the hourly rates charged by two of the plaintiff's attorneys on the matter are not reasonable because the rates differ slightly from the cited fee schedule created by CLS. Plaintiff's counsel, Evan Frank, submitted an affidavit stating that he "believe[s] these rates to be comparable for attorneys in the region with similar experience." This court will approve the cited fee rates created by CLS and reduce plaintiff's attorney's hourly rates to the upper limit of CLS guidelines. Accordingly, the following hourly rates will be approved: Alan Frank ($530), Evan Frank ($360), and Jordan Frank ($275).

In sum, the proper award for plaintiff's counsel's fees for the WPCL is as follows:

| Attorney | Requested Hours | Defamation Hours | Discovery Hours | Total Hours | Hourly Rate | Fees Awarded |
|---|---|---|---|---|---|---|
| Evan Frank | 99.45 | − 32.35 | − 0.4 | 66.7 | $360 | $24,012 |
| Jordan Frank | 10.80 | − 4.3 | − 5.7 | 0.80 | $275 | $220 |
| Alan Frank | 12.50 | − 0.0 | − 0.0 | 12.5 | $530 | $6,625 |
| **Total Fees** | | | | | | **$30,857** |

IV

Finally, plaintiff also seeks reimbursement of costs in the amount of $503.33. This amount includes costs for filing fees, parking for trial, and UPS shipping.

Of the various items identified by plaintiff as costs, he is entitled $402 as costs for the filing fee under 28 U.S.C. § 1920. Defendant US Inspect objects to the costs for shipping and parking. Under 42 U.S.C. § 1988, travel and postage expenses are permitted as recovery costs that are commonly included within attorneys' fees "when it is custom of attorneys in local community to bill their clients separately for them." Abrams v. Lightolier Inc., 50 F.3d 1204 (3d Cir. 1995). These costs in the amount of $101.33 are proper. Accordingly, we will award plaintiff an additional $101.33 to plaintiff's attorneys' fees.

In sum, plaintiff is entitled to **$30,857** in attorney's fees and **$503.33** in costs for a total of **$31,360.33.**